JOHN G. MOORE *vs.* STEPHEN CUTTER & another.

If the parties to an action make a written agreement that it shall be withdrawn and submitted to referees, and it is accordingly referred, decided and settled, but by some oversight remains upon the docket, and a nonsuit is afterwards entered, the superior court has authority to refuse costs to the defendant.

CONTRACT. At the termination of this case in the superior court, by the entry of a nonsuit, the clerk taxed costs for the defendants, but *Putnam,* J. overruled the taxation; and they appealed to this court. The facts are stated in the opinion.

*W. P. Webster,* for the defendants.

*D. S. Richardson & A. R. Brown,* for the plaintiff.

METCALF, J. We are of opinion that the clerk's taxation of costs was rightly overruled by the superior court. The action was entered on the first day of the December term 1857 of that court; but afterwards, on the same day, the parties made a written agreement that the action should be withdrawn and submitted to referees, and that the plaintiff should pay the

costs. By some oversight, the action remained on the docket till December term 1859, when a nonsuit was entered. In the meantime, the case was carried before referees, who made an award in favor of the plaintiff, which the defendants paid to him, and with which he was satisfied, and thereupon gave up to them the award and the above-mentioned agreement, not knowing that the action had not been withdrawn, but supposing the suit was ended. Nor did his counsel know, until September term 1859, that the action was continued in court. He then moved that " neither party " should be entered ; and at the following December term became nonsuit.

The exceptions show that the hearing before the referees, their award, and the payment of it, were " within a few days after " the aforesaid agreement of the parties was made ; and it appears from the defendants' answer, which is referred to in the bill of exceptions, that those proceedings were before the close of the term when the action was entered. Their answer, signed by their counsel, is entitled as of that term, and sets forth those proceedings as a bar to the action. Both parties therefore, and the defendants' counsel also, as well as the plaintiff's counsel, knew at that time that there was, in fact, though not on the docket of the court, an end of the action. And the answer must have been made and filed, without any communication with the plaintiff's counsel, and must have remained on file, almost two years, before it was made known to him ; otherwise, he could not have been ignorant until September term 1859, that the action remained on the docket.

On these facts, the defendants have no just claim for costs after the action was referred. And we understand that the previous costs, which the plaintiff, by his written agreement, engaged to pay, were not costs of the defendants, but his own costs, namely, for the writ, service, entry, &c. But if we misunderstand that agreement, and the defendants are entitled under it to taxable costs for December term 1857, and have not received them, their remedy for recovering them is not by judgment and execution, but on the plaintiff's agreement, which he has returned into their hands.

The superior court could not, without the consent of the defendants or their counsel, enter "neither party" in the case, when the plaintiff's counsel asked for that entry. This was decided in *Coburn* v. *Whitely*, 8 Met. 272. But the opinion of the court given in that case by Chief Justice Shaw furnishes an ample warrant for refusing to allow costs to these defendants.

*Exceptions overruled.*